UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:11-cr-00134-08 WBS |
| Plaintiff, | |
| v. | ORDER |
| JOSE MARIO MEDRANO, | |
| Defendant. | |

----oo0oo----

Defendant Jose Mario Medrano has filed a Motion to Reduce Sentence Under 18 U.S.C. § 3582.  (Docket No. 354.) Defendant requests that the court "reduce his sentence by two levels" under 18 U.S.C. § 3582(c)(2) and Amendments 782 and 788, which he contends would lower his sentencing guidelines range to 210 to 262 months, and he requests a new sentence of 210 months.

I.   Background

In 2013, defendant pled guilty via an open plea to conspiracy to distribute over 500 grams of methamphetamine and used of a communication facility to facilitate a drug trafficking

1

1 | crime.  (Docket No. 158.)  The probation officer's presentence
2 | report ("PSR", Docket No. 191) found a base offense level of 38
3 | because the crimes involved 6.92 kilograms of actual
4 | methamphetamine.  (PSR ¶ 19.)  The PSR also recommended a 2-level
5 | increase in the offense level because a firearm was found in the
6 | defendant's vehicle and four firearms and ammunition were found
7 | at his residence.  (PSR ¶ 20.)  The PSR recommended a 3-level
8 | reduction, however, for acceptance of responsibility.  (PSR ¶¶
9 | 26-27).  With these adjustments, the PSR found a total offense
10 | level of 37, a criminal history category of III, and a Guidelines
11 | range of 262-327 months.  (PSR ¶¶ 28-39, 56.)  Judge Mendez
12 | adopted these findings and sentenced defendant to 262 months, at
13 | the low end of the Guidelines.[1]  (Docket No. 220 at 7, 22-25.)

II. Discussion

Here, defendant is not eligible for a sentence reduction because Amendment 782 does not lower the applicable guidelines range.  U.S.S.G. § 1B1.10(a)(2)(B) provides that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if" the amendment "does not have the effect of lowering the defendant's applicable guideline range."  See also United States v. Leniear, 574 F.3d 668, 673-74 (9th Cir. 2009) (no sentencing reduction is allowed under § 3582(c)(2) where the applicable guidelines range has not changed).  Specifically, because the Presentence Report found that defendant was responsible for 6.29 kilograms of actual

---

[1] The case was reassigned to the undersigned judge when Judge Mendez took senior status.  (Docket Nos. 352-353.)

methamphetamine and did not dispute the other findings of the PSR, his Guidelines range has not changed and he is ineligible for a sentence reduction under § 3582.

Defendant appears to believe that Amendment 782 and 788 automatically reduced his base offense level by two levels. Such assumption is incorrect. While Amendment 782 did make adjustments to the drug quantity table in § 2D1.1(c)(1), the table specifically states that the base offense level for crimes involving at least 4.5 kilograms of actual methamphetamine is 38. In other words, because defendant was responsible for 6.29 kilograms of actual methamphetamine, in excess of that 4.5-kilogram threshold, defendant's base offense level is still 38, and his total offense level is still 37, resulting in the same 262-327 month Guidelines range he faced before Amendment 782.

Accordingly, defendant is ineligible for a sentencing reduction, and his request for a lower sentence must be denied.[2] See U.S.S.G. § 1B1.10.

IT IS THEREFORE ORDERED that defendant's motion to reduce sentence under § 3582 (Docket No. 354) be, and the same hereby is, DENIED.

Dated:   September 14, 2023

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[2]  Because the court finds that defendant is not eligible for a sentence reduction, it does not examine whether a reduction is warranted under the § 3553(a) factors. See Dillon v. United States, 560 U.S. 817, 826-27 (2010)