HEATHER E. WILLIAMS, Bar #122664
Federal Defender
DAVID M. PORTER, Bar #127024
Assistant Federal Defender
Counsel Designated for Service
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone: (916) 498-5700

Attorneys for Defendant
JOSÉ MARIO MEDRANO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSÉ MARIO MEDRANO,<br><br>Defendant. | No. 2:11cr134-08 WBS<br><br>**STIPULATED MOTION AND ORDER TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)**<br><br>RETROACTIVE CRIMINAL HISTORY REDUCTION CASE<br><br>Judge: The Honorable WILLIAM B. SHUBB |

Defendant, JOSÉ MARIO MEDRANO, by and through his attorney, Assistant Federal Defender David M. Porter, and plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Assistant U.S. Attorney Shelley D. Weger, hereby stipulate as follows:

1.  Pursuant to 18 U.S.C. § 3582(c)(2), this Court may reduce the term of imprisonment in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), after taking into account the policy statements set forth in USSG § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable;

2.  The United States Sentencing Commission recently amended the Sentencing Guidelines to limit the overall criminal history impact of "status points" by assigning zero status points for offenders with six or fewer criminal history points, and one status point for offenders

Stipulation and Order Re: Sentence Reduction             1

with seven or more criminal history points ("status-point provision"). *See* Amendment 821, Part A; *compare* USSG § 4A1.1(d) (2022), *with* USSG § 4A1.1(e) (Nov. 1, 2023). The United States Sentencing Commission made the status-point provision retroactive beginning February 1, 2024. See USSG § 1B1.10(e)(2) (Nov. 1, 2023), 88 Fed. Reg. 60534;

3. On April 8, 2014, this Court sentenced Mr. Medrano to 262 months as to count 1 and 48 months, the statutory maximum, as to count 2, to run concurrently, for a total term of 262 months;

4. Mr. Medrano's total offense level was 37. He received 3 criminal history points based on his past criminal convictions and 2 criminal history points pursuant to former USSG § 4A1.1(d), for a total criminal history score of 5, which placed him in criminal history category III. The resulting advisory guideline range was 262 to 327 months;

5. The sentencing range applicable to Mr. Medrano was subsequently lowered by the status-point provision;

6. Mr. Medrano is eligible for a reduction in sentence, which reduces his criminal history score to 3, lowering his criminal history category from III to II, resulting in an amended advisory guideline range of 235 to 293 months;

7. Accordingly, the parties request the Court enter the order lodged herewith reducing Mr. Medrano's term of imprisonment to 235 months;

8. If the Court approves the parties' stipulation, the parties further request that Mr. Medrano's pro se Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2), ECF No. 371, be dismissed as moot.

The following statements are provided by Mr. Medrano and the United States, respectively, and are not part of the parties' stipulation;

1. <u>Mr. Medrano's statement regarding the stipulation</u>: Defendant's counsel enters into this stipulation after having examined the pertinent documents, including the presentence report, sentencing transcript, statement of reasons, and judgment, and speaking personally with Mr. Medrano's son. Mr. Medrano's projected release date is May 7, 2028. While incarcerated, Mr. Medrano completed an impressive number of courses, including math, parenting skills, and

carpentry. He works as an orderly. BOP documents list him as "LOW RISK RECIDIVISM LEVEL," and his security level as "LOW." He has paid his court-ordered financial obligations. He has not received any incident reports in the last six months and since his arrival at the low-security camp at Lompoc.

      2.      <u>United States' statement regarding its stipulation</u>:

Defendant Jose Mario Medrano entered an open guilty plea to Conspiracy to Distribute over 500 grams of Methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), and Use of a Communication Facility to Facilitate a Drug Trafficking Crime, in violation of 21 U.S.C. § 843(b). The United States enters into this stipulation after reviewing the sentencing transcript, (ECF No. 220), Presentence Investigation Report ("PSR"), Statement of Reasons ("SOR"), Judgment (ECF No. 203), and defendant's Bureau of Prisons ("BOP") disciplinary history. The prosecuting Assistant United States Attorney was not consulted because he is no longer employed by the United States.

The Honorable John A. Mendez presided over defendant's April 8, 2014, sentencing hearing. ECF Nos. 202, 203. At the original sentencing hearing, the United States recommended a sentence at the low end of the applicable guideline range, a sentence of 262 months in prison, based primarily on the defendant's role in the drug trafficking organization and his dangerousness. ECF No. 220, pp. 9, 12-13, 17 of 31. The defense requested a sentence of 144 months. ECF No. 220, p. 10 of 31. The Court sentenced Medrano to 262 months in prison based on the "significant amount of narcotics," the involvement of firearms, and the need to protect the public. ECF No. 220, p. 27 of 31.

///
///
///
///
///
///
///

According to Bureau of Prison ("BOP") records dated May 23, 2024, Medrano has not sustained any disciplinary incidents during his time in BOP custody.

Respectfully submitted,

Dated: June 6, 2024

PHILLIP A. TALBERT
United States Attorney

/s/ *Shelley D. Weger*
SHELLEY D. WEGER
Assistant U.S. Attorney

Attorney for Plaintiff
UNITED STATES OF AMERICA

Dated: June 6, 2024

HEATHER E. WILLIAMS
Federal Defender

/s/ *David M. Porter*
DAVID M. PORTER
Assistant Federal Defender

Attorney for Defendant
JOSÉ MARIO MEDRANO

# ORDER

This matter came before the Court on the stipulated motion of the parties for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2).

The parties agree, and the Court finds, that defendant Jose Mario Medrano is entitled to the benefit of Amendment 821, Part A, the new status-point provision, which reduces the criminal history score to 3, and his criminal history category from III to II, resulting in an amended guideline range of 235 to 293 months.

IT IS HEREBY ORDERED the term of imprisonment imposed in April 2014 is reduced to 235 months as to count 1, which is to run concurrently to the 48-month term of imprisonment imposed as to count 2, for a total term of 235 months.

IT IS FURTHER ORDERED that all other terms and provisions of the original judgment remain in effect.  The clerk shall forthwith prepare amended judgment reflecting the above reduction in sentence.

The pro se motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), filed March 25, 2024, ECF No. 371, is dismissed as moot.

Unless otherwise ordered, Mr. Medrano shall report to the United States Probation Office within seventy-two hours after his release.

Dated:  June 10, 2024

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE